## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| NOLAN LAW GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 09 L 15427 |
| | ) | |
| v. | ) | **PLAINTIFF DEMANDS** |
| | ) | **TRIAL BY JURY** |
| | ) | |
| THE BOEING COMPANY, a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

### THE BOEING COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

Defendant THE BOEING COMPANY, by and through its attorneys PERKINS COIE

LLP, hereby answers Plaintiff's Complaint at Law as follows:

1.      On September 11, 2004, and through and including the date of the filing of this complaint, the defendant, The Boeing Company, was and continues to be a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Cook County, Illinois.

**ANSWER:**      Answering Paragraph 1, Boeing admits that at all relevant times it has

been a corporation under the laws of the State of Delaware and further admits that its World

Headquarters is located in Chicago.

2.      In or about 2001, the defendant, The Boeing Company designed, manufactured, assembled, and sold a certain helicopter, to wit:  a Boeing Model CH-47SD or "Super D Chinook", bearing airframe serial number M4286, which later became the subject of a lawsuit brought on behalf of certain plaintiffs by Nolan Law Group.  *See Papapetrou et al. v. The Boeing Co. et al.*, No. 07-3768 (E.D. Penn.).

**ANSWER:**      Boeing admits that it designed, manufactured, assembled, and sold a

certain helicopter, to wit:  a Boeing Model CH-47D helicopter bearing airframe serial number

M4286, except for those parts of the subject helicopter that were designed, manufactured,

assembled, and sold by others, and except for the parts of the helicopter that were subsequently

installed, removed, exchanged, altered, modified, retrofitted, overhauled, or remanufactured by

others, all in accordance with mandatory U.S. Army specifications.   Boeing admits that the

helicopter is the subject of an ongoing lawsuit in the Eastern District of Pennsylvania brought on

behalf of certain plaintiffs and that Nolan Law Group represented some, if not all, of those

plaintiffs.

3.      On September 11, 2004, the Subject Helicopter was being operated on a flight
originating in Athens, Greece with an intended destination of Mt. Athos, Greece.

**ANSWER:**      Boeing admits the allegations in Paragraph 3.

4.      On September 11, 2004, the Subject Helicopter deviated from controlled flight
and crashed into the waters of the Aegean Sea near Mt. Athos, Greece and caused fatal injuries
to certain decedents.

**ANSWER:**      Boeing admits that on September 11, 2004, the Subject Helicopter

crashed into the waters of the Aegean Sea near Mt. Athos, Greece and caused fatal injuries to

certain decedents.   Boeing lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 4.

5.      In July 2007, the family members of those killed in the subject crash retained
Nolan Law Group to prosecute the negligence actions pertaining to that crash.   The attorney-
client agreements signed by those plaintiffs provide in pertinent part that:   "In consideration for
services rendered by Nolan Law Group, we agree to pay and assign as a lien to said attorneys a
sum equal to 32.5% of the gross amount recovered from the claim by settlement or trial."   The
agreements also provided that the clients would reimburse Nolan Law Group for costs advanced
in prosecution of their claims.

**ANSWER:**      Boeing admits that Nolan Law Group claims to have been retained by at

least some of the family members of those killed in the subject crash.   Boeing lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

5.

6.      On September 10, 2007, Nolan Law Group filed those actions against certain
defendants, including the Boeing Company, in the Circuit Court of Cook County, Illinois, under

the case number 07 L 9514.  *See* Complaint, *Papapetrou et al. v. Boeing et al.*, Case No. 07 L 9514.

    **ANSWER:**    Boeing admits the allegations in Paragraph 6 of the Complaint.


7.    On October 17, 2007, Defendant Boeing removed that case from the Circuit Court of Cook County to the United States District Court for the Northern District of Illinois. Thereafter, on October 22, 2007, Boeing filed a motion to transfer venue to the Eastern District of Pennsylvania.  Nolan Law Group filed a motion for remand in hopes of returning the action to the Circuit Court of Cook County.

    **ANSWER:**    Boeing admits the allegations in Paragraph 7 of the Complaint.


8.    On January 3, 2008, while the case was still pending in the United States District Court for the Northern District of Illinois, Nolan Law Group sent Notices of Attorneys' Liens via certified mail in accordance with the Illinois Attorneys Lien Act, 770 ILCS 5/1.  *See* Notice of Attorneys' Lien (Attached hereto as Exhibit A).  This notice informed the Boeing Company that Nolan Law Group was claiming a lien over any and all proceeds from the litigation.

    **ANSWER:**    Boeing admits receipt of the Notice of Attorneys' Lien attached to the

Complaint as Exhibit A.  Boeing denies that the notice informed it of any lien over any and all

proceeds from the litigation and further denies that the notice identified the extent of the claimed

interest.  Boeing lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 8.


9.    The subject Notice of Attorneys Lien was sent to Boeing Company's president, Jim McNerney.  Nolan Law Group received proof of service via return receipt.  *See id.* Defendant Boeing's president signed or otherwise acknowledged receipt of Nolan Law Group's Notices of Attorneys' Lien on January 7, 2008.  *See id.*  This lien specifically states the following:

> You are further notified that pursuant to the Illinois Attorneys Lien Act 770 ILCS 5/1 Nolan Law Group claims a lien to the extent of our interest, as set forth above in said claim, demand, cause of action and suit at law which said lien, by virtue of said law is attached to any verdict or judgment entered or to be entered in such suit or to any money or property which may be recovered by the Claimant on account of such claim, suit, demand or cause of action from the service of this Notice.

*See id.*

**ANSWER:**      Boeing admits receipt of the Notice of Attorneys' Lien which was addressed to Jim McNerney and states that the document can speak for itself.  Boeing states that the return receipt attached to the Complaint as Exhibit was signed or otherwise acknowledged on January 7, 2008 by J. Kennedy.

10.      On February 25, 2008, the Northern District of Illinois denied Plaintiffs' motion for remand and granted Defendant's motion to transfer venue to the Eastern District of Pennsylvania.

**ANSWER:**      Boeing admits the allegations in Paragraph 10.

11.      On May 21, 2009, that case was mediated and Paul Borth of the Nolan Law Group represented the plaintiffs.  Defendant Boeing was represented by its local counsel and counsel of record.  The mediation resulted in a settlement of the case.[1]  Based upon the plaintiffs' fee agreement with the Nolan Law Group, the Nolan Law Group is entitled to 32.5% of the gross settlement amount for attorneys' fees.

**ANSWER:**      Boeing admits that the case was mediated on May 21, 2009 and that it was represented by counsel of record.  Boeing admits that a confidential settlement was reached between plaintiffs and all three defendants.  Boeing admits that Paul Borth participated in the mediation along with Stelios Gregoriou, but lacks knowledge or information sufficient to form a belief as to his representation of any particular plaintiff.  Boeing denies the remaining allegations in Paragraph 11.

12.      At the conclusion of the mediation, counsel for another defendant informed Mr. Borth that form releases would be forthcoming.  Mr. Borth made arrangements with Mr. Stelios Gregoriou, Nolan Law Group's Greek liaison, to have Mr. Gregoriou work with the beneficiaries in Greece to reach agreements on an amicable distribution of the gross settlement proceeds.

**ANSWER:**      Boeing lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

---

[1] The amount of this settlement is confidential.  In order to avoid breaching any confidentiality as to the settlement, Nolan Law Group has omitted the actual settlement amount from this pleading.

13.    On June 29, 2009, at the direction of Mr. Borth, a Nolan Law Group legal assistant sent an email to defense counsel for other defendants seeking the release documents necessary to complete the settlement.  In response, Steve Bell, counsel for another defendant, replied that the defendants intended to use the same releases utilized for the settlement of a different Greek case, that the releases were being prepared and executed in Greece, and referred Nolan Law Group to ask questions of Nolan Law Group's liaison, Mr. Gregoriou.

**ANSWER:**    Boeing admits that a Nolan Law Group legal assistant sent emails to

defense counsel requesting copies of the releases.  Boeing admits that, since it appeared that the

Nolan legal assistant was unaware of the agreement during mediation that the settlement would

be documented and processed in Greece, Steve Bell responded that the parties had agreed that

form of release be the same as one previously used to settle other claims arising from the same

accident and that the releases would be documented in Greece and in the Greek language.

Boeing further admits that Steve Bell suggested that the Nolan Law Group obtain copies of the

releases from their co-counsel, Stelios Gregoriou, along with whatever other information they

might need.  Boeing denies any remaining allegations in Paragraph 13.

14.    On June 30, 2009, Mr. Borth sent another email requesting to review the release documents that defendants intended to use, in English, prior to the execution of any releases.  In addition, Mr. Borth reiterated that Nolan Law Group has valid attorneys' liens against all defendants.

**ANSWER:**    Boeing admits that Borth emailed Steve Bell on June 30, 2009 requesting

documents that did not exist.  Boeing denies that the June 30 letter claimed that Nolan had a

valid lien, although the email .purported to reserve a right to enforce a lien.

15.    On July 1, 2009, Mr. Bell responded that he did not have English versions of the release documents yet and that Greek versions had already been reviewed and approved.

**ANSWER:**    Boeing admits that Steve Bell responded on July 1, 2009 and confirmed

that he did not have an English version of the Greek release that had already been reviewed and

approved by Borth's Greek co-counsel, Stelios Gregoriou.  Boeing further admits that he asked

5

Borth to call him personally so that they could avoid the confusion caused by communicating through Borth's legal assistants who were not present at mediation and were seemingly unaware of the agreements reached at mediation.

16.    On August 19, 2009, another defense counsel provided a letter to the Eastern District of Pennsylvania, informing the court that the defendants had obtained releases from three out of the four plaintiffs' representatives and that defendants had finalized and paid those claims.

**ANSWER:**    Boeing admits the allegations in Paragraph 16 and adds that the August 19, 2009 letter informed Judge O'Neill of the fee dispute between plaintiffs' counsel in the United States and plaintiffs' counsel in Greece.

17.    Also on August 19, 2009, Mr. Borth met with Mr. Bell at Mr. Bell's Seattle office.  Mr. Bell informed Mr. Borth that the drafting of all releases had been delegated to Defendant THE BOEING COMPANY's Greek counsel, that all requisite Greek procedures and protocols for settlements had been finalized, and that funds had already been disbursed for three of the four decedents' estates.  Nolan Law Group was omitted from these procedures and did not receive any payments or funds from the settlement proceeds paid by the defendants in that action.  This was the first instance wherein Nolan Law Group was made aware that disbursements had been made by the defendants, including by Defendant, THE BOEING COMPANY.

**ANSWER:**    Boeing admits that Steve Bell spoke to Borth while Borth was present in Bell's Seattle office for another matter and confirmed that three of the four settlements had been finalized and paid.  Boeing also admits that its Greek counsel was one of the three defense counsel in Greece that documented the settlements reached at mediation.  Boeing lacks knowledge or information sufficient to form a belief as to what was or was not paid to Nolan Law Group or when the Nolan Law Group was made aware that disbursements had been made. Boeing denies that the Nolan Law Group was omitted from any procedures in Greece, except by its own choice not to participate with its co-counsel in finalizing settlement documents in Greece.  Boeing denies any remaining allegations in Paragraph 17.

18.     Nolan Law Group finally received copies of the already-executed release documents on August 24, 2009.  At that point, Nolan Law Group still did not have any English versions of the settlement documents.  It was not until September 3, 2009; that Nolan Law Group received English versions of these important already-executed documents.

**ANSWER:**     Boeing admits that counsel for one of the three defendants shared with

Nolan both the Greek and English translations of the releases as soon as they were received by

the defendants' counsel in the United States.  Boeing lacks information and knowledge to know

when or whether Nolan received the same releases from its co-counsel in Greece or anyone else.


19.     Upon analysis of these already-executed release documents, Nolan Law Group discovered that they had been signed by proxy and not by the plaintiffs themselves.  The documents also called for a proxy attorney in the United States to sign them, but no attorney at Nolan Law Group or Nolan Law Group's local Pennsylvania counsel had signed any of these documents.

**ANSWER:**     Boeing admits that the Greek releases were signed by representatives

having proxies to execute them, as is customary in Greece.  Boeing denies that a proxy attorney

in the United States was required to sign the releases, as the requirement in the releases for a

United States proxy attorney's signature is applicable only to the stipulation and order of

dismissal to be filed in the case pending in the United States, not to releases.


20.     The release documents set forth that a number of settlement checks were issued to the respective decedents' beneficiaries as well as Mr. Gregoriou by virtue of Plaintiffs' special power of attorney.  However, such power of attorney was never provided to the Nolan Law Group and the payment of what appears to be attorneys' fees to Mr. Gregoriou was never authorized by anyone with authority to do so at Nolan Law Group.

**ANSWER:**     Boeing lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 20, except that Nolan's choice not to become involved in

the settlement documentation process in Greece that Nolan had authorized at mediation was tacit

approval of the process.

21.     Nolan Law Group has no copies of any record of payments made to the plaintiffs in the Pennsylvania action.   Significantly, the settlement documents and checks from the defendants, including Defendant THE BOEING COMPANY, did not include Nolan Law Group as an additional payee.   At no time did Nolan Law Group divest itself of or waive its valid statutory attorneys' liens in that case nor did it ever sign a release of such lien interests.

**ANSWER:**     Boeing admits that counsel for the three defendants in Greece did not make any checks payable to Nolan, since none of the executed releases authorized such payment.

Boeing lacks knowledge or information sufficient to form a belief as to Nolan Law Group's records.   Boeing denies the remaining allegations in Paragraph 21.

22.     Upon settlement of the actions and pursuant to the Illinois Attorneys Lien Act, 770 ILCS 5/1, Nolan Law Group's valid attorneys' liens attached to any and all proceeds that were to be distributed in settlement of the claims.   Therefore, upon the settlement at mediation on May 21, 2009, it then and there became the duty of the Defendant, THE BOEING COMPANY, to honor and respect Nolan Law Group's attorneys' liens of which it had valid notice of Nolan Law Group's claiming a lien over any and all proceeds, pursuant to the Illinois Attorneys Lien Act, 770 ILCS 5/1.

**ANSWER:**     Boeing denies the allegations in Paragraph 22.

23.     Notwithstanding said duty pursuant to the Illinois Attorneys Lien Act, 770 ILCS 5/1, the Defendant, THE BOEING COMPANY, failed to provide Nolan Law Group as an additional payee on any settlement checks and executed payments and checks to other persons who were not attorneys of record in the litigation and who were not authorized by Nolan Law Group to receive such funds on behalf of Nolan Law Group or its clients

**ANSWER:**     Boeing admits that the three defendants did not include Nolan Law Group as an additional payee on any checks, since the executed releases did not authorize such payment.   Boeing denies the remaining allegations in Paragraph 23.

24.     As a direct and proximate result of one or more of the foregoing actions, Nolan Law Group was caused to not receive any settlement documents or proceeds for its work in the subject case and mediation and as a consequence thereof has been prevented from receiving its reasonable attorneys' fees and costs for its work in this case, in direct contradiction to its valid statutory attorneys' liens pursuant to 770 ILCS 5/1.

**ANSWER:**     Boeing denies the allegations in Paragraph 24.

25.     By way of the premises, Nolan Law Group has sustained substantial economic damages.

**ANSWER:**     Boeing denies the allegations in Paragraph 25.

26.     This action is being brought pursuant to the Illinois Attorneys Lien Act, 770 ILCS 5/1.

**ANSWER:**     Boeing states that the allegations contained in Paragraph 26 state a legal

conclusion to which no answer is required.  To the extent an answer is required; Boeing denies

the allegations in Paragraph 26.

WHEREFORE, the Plaintiff, NOLAN LAW GROUP, prays that judgment be entered in its favor and against the Defendant, THE BOEING COMPANY, in a sum in excess of the minimal jurisdictional amounts of the Law Division of the Circuit Court of Cook County, Illinois, together with interest and the cost of this action and for any other relief that this Honorable Court may deem just.

**ANSWER:**     Boeing denies that Nolan Law Group is entitled to any judgment in its

favor and denies that it is entitled to any interest or costs.

## AS AND FOR ITS AFFIRMATIVE DEFENSES HEREIN, BOEING ALLEGES AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

1.     The Complaint, and each purported cause of action therein, fails to state a claim against Boeing upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs' damages, if any, were directly and proximately caused, or contributed to, by Plaintiffs, Plaintiffs' employers, and/or Plaintiffs' co-employee[s]' acts and/or omissions, or the acts and/or omissions of individuals, firms, or other corporations or entities in privity with Plaintiffs, Plaintiffs' employers, and/or Plaintiffs' co-employee[s], and Plaintiffs' recovery, if any, should therefore be barred or diminished in accordance with applicable law.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiffs' damages, if any, were directly and proximately caused, or contributed to, by the acts and/or omissions of individuals, firms, corporations, or other entities over whom Boeing have or had no control or right of control, and for whom Boeing is not responsible.  Said acts

and/or omissions intervened between the acts and/or omissions of Boeing, if any, and were the sole, direct, and proximate cause of Plaintiffs' damages, if any.  Plaintiffs' recovery, if any, should therefore be barred or diminished in accordance with applicable law.

## FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint, and each purported cause of action therein, is barred, in whole or in part, because the subject helicopter and all of its components were designed and manufactured in conformity with specifications provided or approved by the United States Government.

## FIFTH AFFIRMATIVE DEFENSE

5.      The Complaint, and each purported cause of action therein, is barred, in whole or in part, by the government contractor defense, as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), and other applicable law.

## SIXTH AFFIRMATIVE DEFENSE

6.      The Complaint, and each purported cause of action therein, may be barred, in whole or in part, if either the United States Government or the Greek Government invokes the state's secrets privilege to preclude production of information necessary to Boeing's defense or to Plaintiffs' *prima facie* case.

## SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint and each purported cause of action therein is barred, in whole or in part, by settlement, waiver, estoppel and plaintiffs' own failure to communicate with its co-counsel in Greece.

WHEREFORE, Defendant The Boeing Company prays for judgment as follows, and that:

1.      Plaintiffs take nothing from Boeing by virtue of the unverified Complaint;

2.      Boeing be awarded its costs of suit herein; and

3.      Boeing be granted such other and further relief as the Court may deem just and proper.


Dated:  December 30, 2009


Respectfully submitted,

THE BOEING COMPANY


By: s/ Christopher B. Wilson
                    One of Its Attorneys

01038-4676/LEGAL17486135.1

Christopher B. Wilson, ARDC # 06202139
Perkins Coie LLP
131 S. Dearborn, Suite 1700
Chicago, IL  60603
Tel:  (312) 324-8400
Fax:  (312) 324-9400

Steven S. Bell, Bar No. 5043
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Tel.  (206) 359-8000
Fax.  (206)359.9000

01038-4676/LEGAL17486135.1

## CERTIFICATE OF SERVICE

I, Christopher B. Wilson, certify that on December 30, 2009, I caused the foregoing **ANSWER TO PLAINTIFF'S COMPLAINT AT LAW** to be served via hand delivery before the hour of 5:00 p.m. on the counsel of record listed below:

*Attorney for Plaintiffs*

Paul R. Borth
NOLAN LAW GROUP
20 N. Clark Street, 30th Floor
Chicago, Illinois  60602

s/ Christopher B. Wilson
One of the attorneys for Defendant
The Boeing Company