IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOLAN LAW GROUP<br><br>                Plaintiffs,<br><br>   v.<br><br>THE BOEING COMPANY, a corporation,<br><br>                Defendant. | <br><br><br><br>Case No.<br><br>Judge<br><br>Magistrate Judge |

**DEFENDANT THE BOEING COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

Defendant The Boeing Company ("Boeing") moves this Court, pursuant to 28 U.S.C. § 1404, for the convenience of the parties and the interests of justice to transfer venue of this matter to the United States District Court for the Eastern District of Pennsylvania, the venue of the underlying lawsuit from which the fee dispute in this case arose and also the venue where this fee dispute is already pending.

The Nolan Law Firm's ("Nolan") commencement of this new suit in Cook County is an effort to negate this court's earlier order transferring *all* of the underlying case to the Eastern District of Pennsylvania, including whatever attorneys fee claims Nolan or its clients might assert. Nolan's newest filing is also an attempt to avoid an Eastern District of Pennsylvania order that bars Nolan from dismissing the underlying case in the Eastern District and refiling elsewhere, an order entered after the court found Nolan and its clients had committed "flagrant forum shopping."

In support of this motion Boeing relies on and incorporates the contemporaneously filed Declaration of Steven S. Bell and additionally states:

## I. STATEMENT OF FACTS

This is the fourth lawsuit that Nolan or its clients have filed against Boeing[1] as a result of the crash of a Hellenic Army CH-47D helicopter on September 11, 2004. (Bell Decl. ¶ 3.) One suit was filed in Chalkidiki, Greece, a suit that was dismissed in favor of two virtually identical suits that were filed in the Eastern District of Pennsylvania and the Circuit Court of Cook County, respectively. (*Id.*) Plaintiffs in all three prior suits were the survivors of four persons who died in the 2004 accident. (*Id.*)

Because the accident aircraft had been produced by Boeing's rotorcraft facility near Pennsylvania and also because neither the accident nor the accident aircraft had any relationship to Illinois, Boeing removed plaintiffs' Cook County suit to this court and promptly filed a motion to transfer the case to Philadelphia. (*Id.*) On February 25, 2008, Judge Marovich granted Boeing's motion and, in the same order, denied plaintiffs' motion to remand the case to Cook County. (Bell Decl. ¶ 4.) Even though neither ruling was appealable, plaintiffs appealed to the Seventh Circuit, which later dismissed the appeal. (Bell Decl. ¶ 4-5.)

On February 2, 2009, after it had been determined that the wrongful death litigation could proceed only in the Eastern District, a telephonic status conference of all counsel was held. During that conference, the three defendants informed the court and Nolan that they would file their summary judgments motions by March 19, 2009, motions based upon the government contractor defense. (Bell Decl. ¶ 6.) More than a month later, on March 5, plaintiffs moved to voluntarily dismiss their suit in the Eastern District, presumably so that they could refile in yet another forum. The court denied their motion and, when plaintiffs moved for reconsideration, the court denied their motion again, this time noting that the "record reveals flagrant forum shopping on behalf of plaintiffs and plaintiffs' counsel." (Bell Decl. ¶ 7.)

---

[1] In two of the four lawsuits (the Cook County and Eastern District of Pennsylvania cases), Honeywell and Goodrich were also named defendants. (Bell Decl. ¶ 1.)

Thereafter, the court ordered the parties to submit the case to a non-binding settlement conference. (Bell Decl. ¶ 8.) All parties agreed to mediate the dispute before retired Chief Judge of the Eastern District of Pennsylvania, Judge Edward Cahn. On May 21, 2009, Judge Cahn mediated the case and achieved a settlement at a confidential amount. Plaintiffs were represented at the mediation by two attorneys, Paul Borth of the Nolan firm and Stelios Gregoriou of the Gregoriou Law Offices in Athens. (Bell Decl. ¶ 9.)

Because the five year Greek statute of limitations on negligence claims had not yet expired, defendants were concerned that one or more of the plaintiffs might commence yet another lawsuit in Greece before the fifth anniversary of the accident. (Bell Decl. ¶ 10.) Because of that concern, defendants insisted that the settlements be documented in Greece where appropriate waivers could be obtained from the plaintiffs (and any members of the four decedents' families who had not yet sued). (*Id.*) For the same reason, defendants insisted that the form of release be the same as one previously used to settle other claims arising from the same accident, releases that were all in the Greek language. Both Mr. Gregoriou and Mr. Borth agreed to those terms. (*Id.*)

After three of the four families had completed their settlement paperwork in Greece and been paid, Mr. Borth informed counsel for the defendants that he had little or no contact with his referring counsel, Stelios Gregoriou, in the three month period following the mediation. (Bell Decl. ¶ 13.) Furthermore, even though Mr. Gregoriou had withheld as attorneys' fees substantial sums from the three settlements paid in Greece, it appeared that Mr. Borth had not received any of those withheld funds. (*Id.*) Once it appeared that there was a fee dispute between Mr. Borth and Mr. Gregoriou, the defendants did two things. First, they informed plaintiffs' counsel that the fourth family could not be paid its share of the settlement until the dispute over fees is resolved. (Bell Decl. ¶ 15.) Second, defense counsel informed the court of the existence of the fee dispute, so that the court would retain jurisdiction over the dispute. (*Id.*) Doing so was essential to an orderly resolution of the dispute, since the plaintiffs had indemnified the three

defendants against claims for fees and all other claims that might arise thereafter. (Bell Decl. ¶ 19.) Because the Eastern District is the only court in the country that has jurisdiction over the families of these four decedents, it is the only court in the country in which the defendants can enforce their indemnity rights. (*Id.*)

Once informed of the fee dispute, Judge Thomas O'Neill of the Eastern District gave the parties until December 1, 2009 to resolve the dispute on their own. (Bell Decl. ¶ 15.) Mr. Borth and Mr. Gregoriou did not resolve their dispute by that deadline and may have not even spoken before that deadline. (Bell Decl. ¶ 16.) In any event, after the parties submitted a joint report to Judge O'Neill to inform him that the fee dispute had not yet been resolved, the court entered an order on December 3, 2009, strongly recommending that counsel return to mediation with Judge Cahn, who had kindly agreed to mediate the dispute without any charge. (Bell Decl. ¶ 16.) On the same day, Judge O'Neill denied plaintiffs' motion to file under seal certain documents relating to the fee dispute. Significantly, Judge O'Neill's order was "without prejudice to its renewal subsequent to the mediation, if necessary and appropriate, by letter application on the existing papers." (Bell Decl. ¶ 17.)

Instead of mediating the dispute and, "if necessary and appropriate," renewing his motion before Judge O'Neill, Mr. Borth wrote to Judge O'Neill on December 22, 2009 to explain that Nolan had filed a new lawsuit in Cook County and, therefore, he "would not require your services to mediate this dispute." (Bell Decl. ¶ 18.) A true and correct copy of Nolan's Complaint is attached hereto as Exhibit A.

## II. ARGUMENT

**A.   The Nolan Claim for Attorneys Fees could have been Asserted in the Eastern District of Pennsylvania and, in fact, has been Asserted There.**

A District Court may transfer any case to a district where it "might have been brought." 28 U.S.C. § 1404(a).

This fee dispute is derived from and related to the case still pending in the Eastern District of Pennsylvania. Nolan could have filed its claim as a supplemental claim in that pending case. Suits for attorneys' fees fall squarely within the scope of the supplemental jurisdiction statute. *See, e.g.*, *Rissman* v. *Rissman*, 229 F.3d 586, 588 (7th Cir. 2000)("related state-law claims (such as a demand for attorneys' fees. . .) are within the supplemental jurisdiction"); *Harrison v. Conference Services, Inc. v. Dolce Conference Services, Inc.,* 806 F.Supp. 23, 26 (E.D.N.Y. 1992)("court exercises supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over this attorney fee dispute").

Further, the Nolan claim for attorneys' fees not only *could* be asserted in the Eastern District of Pennsylvania, it *was* asserted there and still *is* pending there. Although Judge O'Neill chose not to address whatever motion might be filed with respect to fees before the fee dispute could be mediated by the judge who successfully mediated the underlying suit (retired Eastern District Chief Judge Edward Cahn), Judge O'Neill's order explicitly allowed the fees claim motion to be filed later "if necessary and appropriate." Having initially asserted their fee claim in the Eastern District, instead of in Chicago, the Nolan firm cannot now contend that the Eastern District is not a jurisdiction in which the fee claim "might have been brought."

**B.     The Eastern District of Pennsylvania is the Most Convenient Forum and the Forum in which the Fee Dispute Arose**

Section 1404(a) authorizes a district court to transfer a case to any other district where venue is proper "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 959 (N.D. Ill. 2000). "The purpose of this section is to prevent avoidable waste of time, energy and money and to protect parties, witnesses and the public from inconvenience and expense." *Lemke v. St. Margaret Hosp.*, 594 F. Supp. 25, 27 (N.D. Ill. 1983) (internal citation omitted). In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, a court must consider the private interests of the parties as well as the public interest of

the court. *First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 911 (N.D. Ill. 2006). A court must seek "to promote the efficient administration of justice and not merely the private interests of the parties." *North Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995).

As laid out in the Bell Declaration, the underlying case has been before the Eastern District of Pennsylvania for more than two years and the fee dispute at issue has been before the Eastern District of Pennsylvania for four months   As a result, that court and the mediator who settled the case are already familiar with all of the issues and facts relevant to both the fee dispute and the underlying case. (Bell Decl. ¶ 16.) The Eastern District is thus not just the most convenient forum; it is the only forum in the world where a judge will not have to start from the beginning all over again.

C.  **The Convenience of the Parties and the Witnesses Strongly Weighs in Favor of Transfer**

The factors relevant to the parties' private interests include the convenience of the parties, the convenience of the witnesses and the relative ease and access to sources of proof. In its memorandum opinion and order transferring the underlying case to the Eastern District of Pennsylvania, this court concluded, "it is clear that Illinois has little connection to this case beyond being the location of Boeing's headquarters." *Papapetrou v. The Boeing Company*, No. 07 C 5892, 2008 WL 548770, at *6 (N.D. Ill. Feb. 25, 2008). This court noted that no witnesses are located in Illinois and none of the events from which the claim arose took place in Illinois. The same is true of this new suit. The mediated settlement about which Nolan complains occurred in the Eastern District and the settlements paid to three of the families all occurred in Greece. Although the Nolan attorney responsible for this matter is apparently a resident of Illinois, he is also one of the attorneys for plaintiffs in the underlying case still pending in the Eastern District. Having chosen that forum more than 2 years ago, he can not now disown it.

To the extent it is necessary for Boeing to prove its government contractor defense against the fee claims asserted herein, all of the witnesses and evidence in support of that defense will be found within the Eastern District, as was demonstrated in Boeing's motion to transfer the underlying case to the Eastern District. *Id.*

**D.    The Interests of Justice Weigh Heavily in Favor of the Transfer and a Miscarriage of Justice will Occur if this Case is Not Transferred to the Eastern District of Pennsylvania**

   **1.    The interests of justice weigh heavily in favor of transfer.**

In determining whether the "interest of justice" weighs in favor of transfer, courts consider the following public interest factors: (1) the ability to try related cases together; (2) the court's familiarity with the applicable law; (3) the relationship of the forum to the controversy; and (4) the speed at which the case will proceed at trial. *Id.; Conseco Life Ins. Co. v. Reliance Ins. Co.*, No. 99 C 5020, 2001 WL 1631873, at *3 (N.D. Ill. Dec. 14, 2001). These factors demonstrably weigh in favor of the transfer of this case to the Eastern District where the underlying case has been pending for more than two years. The Eastern District is already very knowledgeable about this case and that court has already arranged for the mediator who settled the underlying case to mediate the fee dispute, at no cost to the parties. Since all parties and counsel, except for Mr. Borth, have agreed to mediate the dispute, transferring this case to the Eastern District will ensure the quickest possible resolution of it.

   **2.    The Eastern District of Pennsylvania is the Only Court that can Resolve the Fee Dispute Because it is the only Court that has Jurisdiction over the Wrongful Death Claimants and Their Attorney in Greece**

Although the Nolan firm claims that the attorneys' fee dispute is one between Nolan and Boeing, the dispute is actually between Nolan and its referring counsel, Stelios Gregoriou. Mr. Gregoriou withheld considerable sums from the three settlements already paid in Greece, but he has not shared any of those fees with the Nolan firm. When the fourth settling family is also

paid, additional funds for fees will be withheld.  The most efficient way of allocating the withheld fees to the proper law firm is for the parties to return to the same mediator who, despite considerable odds, managed to settle the underlying case last May.  That can only be accomplished by transferring this case to the Eastern District, too.  Otherwise, there is substantial likelihood that the two courts having cognizance over the same dispute will reach conflicting results.

If Nolan should assert that the fees withheld by Gregoriou are not enough to pay both of plaintiffs' law firms, then the dispute will become one between the plaintiffs themselves and their attorney(s).  No court in Illinois could resolve such a dispute, since no court in Illinois has jurisdiction over the plaintiffs or their Greek counsel.  The Eastern District of Pennsylvania, however, does have jurisdiction over the plaintiffs and, furthermore, Mr. Gregoriou has already agreed to mediation in the Eastern District.

In the highly unlikely event that mediation between Nolan, Gregoriou and their clients does not resolve the fee dispute, Boeing (and its two codefendants in the Eastern District) will tender the Nolan fee claim to the plaintiffs in the underlying case, pursuant to an indemnity obligation contained in the settlement agreements they executed in Greece.  Under those agreements, plaintiffs agreed not only to indemnify the defendants against all future claims, liens and demands, but they also agreed to pay all of the defendants' attorneys fees incurred in defending against such claims, liens and demands.  However, the defendants' indemnity rights can only be enforced in the Eastern District, since that is the only court in the United States that has jurisdiction over the plaintiffs.  It would thus be a miscarriage of justice if Boeing were compelled to defend itself in an Illinois court at its own cost when Boeing is contractually entitled to a defense in the Eastern District to be funded by the settling plaintiffs who, in the eyes of Nolan, may have taken more of the settlement proceeds than they were entitled to receive.

Case 1:09-cv-08056 Document 7 Filed 12/30/09 Page 9 of 10


## III. CONCLUSION

WHEREFORE, Boeing respectfully prays that the above action be transferred from the United States District Court in and for the Northern District of Illinois to the United States District Court in and for the Eastern District of Pennsylvania, and prays further that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice that Boeing may be entitled to receive.

Date: December 30, 2009                                           THE BOEING COMPANY


                                                                  By: s/ Christopher B. Wilson
                                                                       One of its Attorneys

Christopher B. Wilson, ARDC # 06202139
Perkins Coie LLP
131 S. Dearborn, Suite 1700
Chicago, IL 60603
Tel: (312) 324-8400
Fax: (312) 324-9400

Steven S. Bell, Bar No. 5043
Perkins Coie LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Tel. (206) 359-8000
Fax. (206)359.9000

## CERTIFICATE OF SERVICE

I, Christopher B. Wilson, certify that on December 30, 2009, I caused the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA** o be served via hand delivery before the hour of 5:00 p.m. on the counsel of record listed below:

*Attorney for Plaintiffs*

Paul R. Borth
NOLAN LAW GROUP
20 N. Clark Street, 30th Floor
Chicago, Illinois 60602

s/ Christopher B. Wilson
One of the attorneys for Defendant
The Boeing Company