UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NOLAN LAW GROUP, | ) |
| Plaintiff, | ) |
| | ) 09 C 8056 |
| v. | ) |
| | ) Judge George M. Marovich |
| THE BOEING COMPANY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, the Nolan Law Group, filed in the Circuit Court of Cook County a complaint seeking the enforcement of a lien under the Illinois Attorneys Lien Act, 770 ILCS 5/1. Defendant, the Boeing Company ("Boeing"), removed the case to this Court. Plaintiff has filed a motion to remand, and defendant has filed a motion to transfer to the Eastern District of Pennsylvania. For the reasons set forth below, the Court grants plaintiff's motion to remand and denies defendant's motion to transfer.

**I.     Background**

In October 2007, the Nolan Law Group filed on behalf of their clients a lawsuit (the "Papapetrou case") against Boeing and other entities. The Papapetrou case arose out of a crash–in Greece–of a military helicopter manufactured by Boeing. Before filing the Papapetrou case, which it filed in the Circuit Court of Cook County, the Nolan Law Group filed a similar suit in the United States District Court for the Eastern District of Pennsylvania. Boeing removed the Papapetrou case to this Court and asked the Court to transfer the case to the Eastern District of Pennsylvania. Plaintiffs asked the Court to remand the Papapetrou case to the Circuit Court of Cook County. This Court concluded that the Papapetrou case was properly removed on the

basis of the federal officer removal statute, 28 U.S.C. § 1442 and, therefore, denied the motion to remand. The Court then granted the motion to transfer venue, because the Court concluded that the transfer was warranted by the convenience of the parties and witnesses.

The Papapetrou case progressed in the Eastern District of Pennsylvania before District Judge Thomas O'Neill. Defendants informed the court that they intended to file a motion for summary judgment, and plaintiffs filed a motion to dismiss voluntarily. Judge O'Neill denied the motion. When the plaintiffs moved for reconsideration, Judge O'Neill entered an order that stated:

> As summarized on page 7 of Boeing's brief in opposition to plaintiffs' motion to voluntarily dismiss, the record reveals flagrant forum shopping on behalf of plaintiffs and plaintiffs' counsel.
>
> Plaintiffs' contention that "absolutely nothing of substance . . . has occurred in this Court" is completely devoid of merit. As a result of the telephone conference on February 2, 2009, plaintiffs' counsel was aware that defendants intended to file summary judgment motions by March 19, 2009 and a voluminous motion was filed by defendants on that date. The obvious purpose of plaintiffs' motion to dismiss is to avoid filing a response to defendants' motion.

(3/27/09 Order).

With Judge O'Neill's encouragement, the parties agreed to mediate. At the mediation, the Papapetrou-case plaintiffs were represented by both Paul Borth of the Nolan Law Group and Stelios Gregoriou of Athens, Greece. Boeing reached a settlement with each of the four plaintiffs. It appears that Boeing paid three of the four plaintiffs via Stelios Gregoriou, who failed to share any of the fee with Paul Borth or the Nolan Law Group. The Nolan Law Group alleges in this suit that it had previously served Boeing with notices of their attorneys' lien pursuant to the Illinois Attorneys Lien Act.

When the Nolan Law Group figured out that it was getting squeezed out of its fees, it filed in the Eastern District of Pennsylvania a motion to file under seal a motion to enforce its lien under the Illinois Attorneys Lien Act. The Nolan Law Group sought to file the motion under seal to avoid disclosing the terms of the settlement. On December 3, 2009, Judge O'Neill denied without prejudice the motion to file under seal and encouraged the parties to mediate the fee dispute with the same mediator who had mediated the original settlement. It is not clear whether the parties ever mediated the fee dispute.

What is clear is that the Nolan Law Group supplied Boeing with a copy of the motion to enforce the lien (which motion it never actually filed in the Eastern District of Pennsylvania) and threatened to file the motion if Boeing did not discuss settling the fee dispute. Instead of filing the motion with the Eastern District of Pennsylvania, the Nolan Law Group filed a complaint to enforce the lien in the Circuit Court of Cook County. Boeing removed the case to this Court on December 30, 2009. By early January 2010, the Papapetrou-case plaintiffs had fired the Nolan Law Group.

Boeing moved the Court to transfer the case to the Eastern District of Pennsylvania, and the Nolan Group moved to remand. Both motions are now fully briefed.

**II.     Discussion**

    **A.     Plaintiff's motion to remand**

As the proponent of federal jurisdiction, Boeing "bears the risk of nonpersuasion" and must present evidence that this Court has jurisdiction. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 682 (7th Cir. 2006). In its notice of removal, Boeing stated two bases for removal:

1) supplemental jurisdiction and 2) the federal officer removal statute. The Court considers each in turn.

### 1. Supplemental jurisdiction

First, Boeing asserts that the case is removable as supplemental jurisdiction. Boeing's theory is that the attorneys' lien claim is supplemental to the Papapetrou case pending in the Eastern District of Pennsylvania, because it is part of the same case or controversy. Boeing's theory continues that because the Court had jurisdiction over the lien claim, the claim may be removed to this Court.

The Court rejects this argument based on the plain language of the jurisdictional statutes. A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have *original* jurisdiction." 28 U.S.C. § 1441(a) (emphasis added). The district courts "have *original* jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331 (emphasis added). The district courts "have *original* jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1) (emphasis added). The district courts do not, however, have *original* jurisdiction over claims that are so related to claims in an action that they form part of the same case or controversy. That jurisdiction is *supplemental*. 28 U.S.C. § 1367(a) ("the district courts shall have *supplemental* jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.") (emphasis added). Section 1441(a) does not provide for the removal of claims within a district court's supplemental jurisdiction.

Accordingly, § 1441(a) does not provide a basis for removing the Nolan Law Group's Illinois Attorneys Lien Act claim to this Court.

### 2. Federal Officer Removal Statute

Second, Boeing argues that the Nolan Law Group's Illinois Attorneys Lien Act claim is removable to this Court under the federal officer removal statute. That statute provides, in relevant part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442. Under the federal officer removal statute, unlike under federal question jurisdiction, a case may be removed to federal court on the basis of a federal defense. *Jefferson County Alabama v. Acker*, 527 U.S. 423, 431 (1999). To establish that removal was proper, Boeing must establish that: 1) it is a "person" within the meaning of the act; 2) it has a colorable federal defense; and 3) it acted under the direction of a federal officer. *Jefferson County*, 527 U.S. at 431; *Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp.2d 838, 844 (S.D. Ill. 2006). A federal defense is essential; a case cannot be removed to federal court unless the defendant alleges a federal defense in its removal papers. *Mesa v. California*, 489 U.S. 121 (1989). The proponent of federal jurisdiction need not win the defense before he can remove his case; he

need only show the defense is plausible. *Jefferson County*, 527 U.S. at 431; *see also Venezia v. Robinson*, 16 F.3d 209, 212 (7th Cir. 1994).

Boeing asserts two possible federal defenses: the government contractor defense and the State Secrets privilege. Under the government contractor defense, "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle v. United Technologies Corp.*, 487 U.S. 500, 512 (1988). Furthermore, Boeing argues that it could be impaired in defending itself because the United States or Greece may invoke the State Secrets privilege.

Those might be legitimate defenses to the claims in the underlying Papapetrou case, but they are not defenses to the claim Boeing removed in this case. This case has one claim, and that claim arises under the Illinois Attorneys Lien Act. Under the Illinois Attorneys Lien Act, the lien attaches either to the proceeds of litigation or to a settlement. *People of Illinois v. Philip Morris, Inc.*, 198 Ill.2d 87, 97 (Ill. S.Ct. 2001). "[O]nce an attorney serves proper notice of the lien on the client's adversary, that party bears responsibility for respecting the lien. If the underlying defendant does not respect the lien, then the defendant becomes liable for the attorney fees." *Philip Morris*, 198 Ill.2d at 98. The Nolan Law Group's lien claim arose out of Boeing's alleged failure to respect the Nolan Law Group's lien when it paid a settlement to the Papapetrou-case plaintiffs. The claim did not arise out of a design defect. The claim did not arise out of Boeing's actions as a federal contractor. Boeing's federal defenses are not defenses to the Nolan Law Group's claim.

Boeing argues that the Nolan Law Group should have brought its lien claim in the Eastern District of Pennsylvania. Whether that is so is not for this Court to decide. If Boeing is right, then Boeing might be able to assert a collateral estoppel defense. Such a defense, however, is not a federal defense.

Because Boeing has failed to convince this Court that it has a federal defense to the Nolan Law Group's attorneys' lien claim, the Court concludes that removal is not proper under the federal officer removal statute.

Finding no basis for jurisdiction, the Court grants plaintiff's motion for remand.

### B. Boeing's motion to transfer venue

Because the Court is remanding the case, all other pending motions are denied.

## IV. Conclusion

For the reasons set forth above, the Court grants plaintiff's motion to remand. The Court denies defendant Boeing's motion to transfer venue. This case shall be remanded to the Circuit Court of Cook County.

ENTER:

_George M. Marovich_
George M. Marovich
United States District Judge

DATED: March 24, 2010